**Gordon FRASER**

v.

**Brian BARTON, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 16, 1993.

Decided July 14, 1993.

Paul E. Thelin, Ainsworth & Thelin, P.A., South Portland, for plaintiff.

Ricky L. Brunette, Brunette, Shumway & Ryer, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendants Brian Barton, Craig Barton, and Timothy Barton, owners of land in Gray, appeal a judgment by the Superior Court (Cumberland County, *Perkins, J.*) awarding plaintiff Gordon Fraser double damages in addition to single damages for defendants' harvesting of timber on plaintiff's land. Plaintiff cross-appeals the court's denial of triple damages. Finding no error, we affirm.

Defendants, who are brothers, acquired approximately 53.5 acres of wooded property in Gray from their grandmother in 1984. The defendants' property is bordered on the east by property belonging to plaintiff. Defendants engaged a contractor in 1987 to harvest timber from their property. In performing the work, however, the contractor cut and removed trees valued at $9,742.84 from plaintiff's property. Plaintiff brought suit against defendants as owners [1] seeking single damages for trespass, double damages for failing to clearly mark property lines within 200 feet of the cutting, and treble damages for willfully and knowingly cutting plaintiff's timber. 14 M.R.S.A. § 7552-A (1980); 14 M.R.S.A. § 7552 (Supp.1992).[2]

The evidence reflected that defendants' father, Jon Barton, had marked the boundary with plaintiff's land in 1981 with the assistance of the deed, a tax map, and a friend whose family had owned much of the land in the area. Defendants' father relied on existing reference markers to ascertain where to place stakes and ribbon. He testified that his stakes and ribbons were in place in 1987 when he examined the property line prior to the timber harvesting and that he placed some additional markings at that time. The contractor accompanied defendants' father in examining the property and was satisfied that the proper-

---

1. The contractor also was a defendant in one count of this action but is not a party to this appeal.

2. Any person who authorizes the cutting of timber or wood on his own property, when the cutting involves an area of 10 or more acres, shall clearly mark any property lines which are within 200 feet of the area to be cut. If any such person fails to clearly mark such property lines and if the person or persons who are authorized to cut then cut timber or wood on abutting land without the authorization of the owner of that land, the person who failed to mark his property lines shall be liable in a civil action, in double damages, to that owner of the abutting land.

Such damages shall be in addition to any damages to which the owner of the abutting land may be entitled to under section 7552.
14 M.R.S.A. § 7552-A (1980).

Whoever cuts down, destroys, injures or carries away ... timber ... from land not that person's own, without license of the owner ... is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs....
14 M.R.S.A. § 7552 (Supp.1992).

ty line was clearly marked. Plaintiff testified that he had correctly marked his boundary with orange markings. The prominence of those markings was disputed.

In addition to awarding single damages, the Superior Court awarded plaintiff double damages in accord with section 7552–A because defendants authorized the cutting without clearly marking the correct property line since having acquired ownership. Because the court found that defendants had not acted willfully or knowingly, however, plaintiff was not awarded treble damages provided by section 7552.

### I.

■ Defendants contend that the court erred in finding that they had not satisfied section 7552–A when they clearly marked a line that they believed in good faith was the correct property line. We review for error of law.

■ In construing a statute, we attempt "to discern from the plain language the real purpose of the legislation, avoiding results that are absurd, inconsistent, unreasonable, or illogical.... Such interpretation of the words used will be adopted as shall appear most reasonable and best suited to accomplish the objects of the statute." *Mahaney v. State*, 610 A.2d 738, 741 (Me.1992).

■ Section 7552–A implicitly requires that the correct property line be clearly marked. An erroneous property line has no legal significance. If marking such a line could comply with the statute, courts would need to determine whether the error was made in good faith, a complication not warranted by the language of section 7552–A. The court, therefore, did not err in assessing double damages against defendants for failing to clearly mark the correct property line. We reject, however, the court's suggestion that defendants could not have satisfied section 7552–A without redundantly marking a property line already marked at the time they acquired ownership. Had defendants' father

marked the correct line, section 7552–A would have been satisfied.

### II.

Plaintiff contends that the court erred in finding that defendants' harvest of timber from his property was not done willfully or knowingly because defendants had information that should have caused them further inquiry. We review for error of law and for clear error with respect to factual findings.

■ For defendants to have acted knowingly, they must have been subjectively aware that the cutting was improperly occurring on another's land. *Bonk v. McPherson*, 605 A.2d 74, 77 (Me.1992). Contrary to plaintiff's assertion, the court's judgment does not reveal any misinterpretation of the legal standard in this respect. The court correctly concluded that knowledge that might lead an ordinary and prudent person to make further inquiry is insufficient by itself to establish that a person acted knowingly.

■ Competent evidence existed from which the court could conclude that defendants did not cut on plaintiff's land knowingly. Although plaintiff presented evidence that at least one defendant and defendant's agent were cognizant of the markings made on behalf of plaintiff and also were aware that the total area cut exceeded defendants' acreage, defendants testified they were not aware of the correct boundary and trusted their father's determination of the property line. In addition, defendants' contractor testified that he interpreted plaintiff's markings as random flagging. The evidence did not compel the court to find that defendants knowingly cut on plaintiff's property. *See Luce Co. v. Hoefler*, 464 A.2d 213, 215 (Me.1983).

■ The court did not err in applying the legal standard that for defendants to have acted willfully, they must have displayed "an utter and complete indifference to and disregard for the rights of others." *Bonk v. McPherson*, 605 A.2d at 77. Although defendants did not employ a surveyor, examine their deed, or contact plain-

tiff before authorizing the harvesting, defendants relied on the determination of the boundary by their father, who the court concluded took significant steps to ascertain the property line. Defendants' contractor did not cut beyond that line and ceased cutting on learning that the cutting had crossed the property line. The evidence did not compel the conclusion that defendants willfully cut on plaintiff's land.

The entry is:

Judgment affirmed.

All concurring.