STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
DOCKET NO. CV-02-453



A. HOLMES STOCKLY and
DORIS STOCKLY,

                    Plaintiffs

          v.                                DECISION AND ORDER

ANNE M. DOIL and
MCCOURT LOGGING COMPANY,

                    Defendants              MAY 13 2004

          The parties have submitted the jury-waived trial of this matter to the Court on written stipulated facts.

          Pending is the plaintiffs' complaint alleging a violation of 14 M.R.S.A. § 7552 (Count I); a violation of 14 M.R.S.A. § 7552-A, against the defendant Anne M. Doil, only (Count II); negligence (Count III); and nuisance (Count IV).[1]  On January 30, 2003, a default was entered against the defendant McCourt Logging Company.  Summary judgment on the issue of liability was entered in favor of the plaintiffs and against the defendant Doil on Count II of the complaint.  See June 18, 2003 Order on Mot. for Summ. J. at 8.

                              BACKGROUND

          Since 1966, the plaintiffs, Holmes and Doris Stockly, have owned approximately twenty (20) acres of undeveloped land on Falmouth Road in Falmouth, Maine, identified as Lot 14 on Falmouth Tax Map R4 ("the Stockly

_____

[1] The complaint also alleged negligent infliction of emotional distress in Count V. However, that claim is deemed subsumed into the general negligence claim in Count III.  See June 18, 2003 Order on Mot. for Summ. J. at 3.

Property"). SF ¶ 2. They also own a nearby second parcel, approximately six (6) acres in size, identified as Lot 15 on the tax map. SF ¶ 4. Doil owns property adjacent to the Stockly Property, identified as Lot 19 on the tax map R4 ("the Doil Property"). SF ¶ 5. The Doil Property shares a common boundary with both of the Stockly parcels. SF ¶ 8. Before the spring of 2001, approximately thirty (30) acres of the Doil Property was undeveloped and naturally forested with a mix of mature hardwoods, softwoods and evergreens. SF ¶ 13. The adjacent Stockly Property was similarly forested. SF ¶ 14.

The Stocklys considered the trees on their property to be of tremendous personal value. SF ¶ 15. Since 1966, they have maintained, cultivated and used the Stockly Property as a passive recreational area for activities such as hiking, walking and cross-country skiing. SF ¶ 16. They never harvested the trees or managed the property for any commercial value, and removed only fallen trees and cut brush as necessary to maintain trails. SF ¶ 16. The Stockly's sole goal in owning and maintaining the property was to maximize its beauty, aesthetic value, environmental benefits, and non-motorized recreational use for themselves and their family. SF ¶ 16.

Sometime before April 2001, Doil contacted Robert Tibbets of Timberland Management about harvesting timber from her land. SF ¶ 18. Tibbetts recommended Mathew McCourt. SF ¶¶ 19-21. In April 2001, Doil and McCourt met to discuss the selective cutting of trees on the Doil Property. SF ¶ 24. Doil had no experience with timber harvesting or surveying. SF ¶ 27. McCourt asked Doil for a copy of a tax map. SF ¶ 29. It was her understanding that he wanted it to determine where her property lines were.

2

SF¶ 28. However, Doil does not know whether McCourt used, or even could have used, the tax map for that purpose. SF ¶ 30.

On April 26, 2001, Doil signed a Timber Sales Agreement on a form provided by McCourt. SF ¶¶ 31, 37. One of its terms required McCourt to indemnify Doil in the event that his harvesting operation resulted in a trespass to abutting land. SF ¶ 34. This provision was important to Doil because she was concerned about the possibility that trees might be removed from property she did not own. SF ¶¶ 35, 49. It was her understanding that McCourt would be responsible if he cleared trees on someone else's land. SF ¶ 50. She specifically discussed with McCourt that the selective cutting should be done well within the boundaries of her property. SF ¶ 62. She did not authorize or direct McCourt to cut any timber on the Stockly Property. SF ¶ 43.

Although there are stone walls located along the western and southern boundaries of the Stockly Property and along the eastern edge of the Doil Property, there are no monuments or other indicators of the common boundary between them. SF ¶¶ 44-46. The Stocklys had also surveyed and flagged the northern, eastern and southern edges of their Lot 15. SF ¶¶ 47-48.

Prior to the cutting, Doil never had her property or the common boundary line surveyed or marked in any way, and at the time the timber harvesting occurred that boundary was not flagged. SF ¶ 51. In addition, other than the tax map, Doil did not give McCourt a description of her property or the common property line; or any information on the dimensions of her lot; or a metes and bounds description of her property; or a copy of her deed. SF ¶ 52. Further, Doil did not ask or require McCourt to identify or locate the boundaries of her property. SF ¶ 53.

Although Doil never walked her property with McCourt prior to the cutting, she understood that he had walked it and had identified some old stone walls on at least one of her boundaries. SF ¶¶ 57-58. She also understood that McCourt had whatever information he needed to be able to locate the boundaries of her property, and she never asked whether he needed any additional information. SF ¶¶ 60, 63.

Sometime during the spring and summer of 2001, McCourt cut down and removed trees from approximately 30 acres of the Doil Property. SF ¶ 66. He also cut down or destroyed over 725 trees on approximately 20 acres of the Stockly Property. *Id.* The majority of those trees were larger, older hardwoods and softwoods. SF ¶ 69. The Stocklys did not authorize the harvesting on their property and did not know about it until all of the cutting was done. SF ¶¶ 64,70.

Although the Stocklys claim to have suffered emotional distress as a result of the trespass, neither of them sought or received any treatment, evaluation or medication for emotional distress. SF ¶¶ 75-77. While Mr. Stockly lost some sleep and felt like he had been "hit in the stomach" after learning of the cutting, Mrs. Stockly had no physical reaction to the loss of the trees. SF ¶¶ 78-80.

The stumpage value of the trees on the Stockly Property that were cut down or destroyed by McCourt is $14,127.30. SF ¶ 81. The forfeiture value of those trees is $59,525.00.49. SF ¶ 82; *see* 17 M.R.S. § 2510(2) (2003). The cost to restore the Stockly Property, as near as practicable, to its pre-casualty condition is approximately $370,000, comprised of (a) $35,750 to clean up the debris and slash left behind from the timber harvesting, (b) $330,000 to replant

4

600 2 to 2 1/2 inch diameter trees in a mix of species similar to those cut and destroyed, and (c) $4,000 to water and maintain the replanted trees. SF ¶ 83.

The removal of trees from the Stockly Property had no significant impact on its fair market value. SF ¶ 88. Neither the Stocklys, nor Doil have obtained an expert opinion as to the fair market value of the Stockly Property. SF ¶ 93. The Town of Falmouth's assessed value of the property prior to the tree clearing was $34,700, which did not reflect 100% market value. SF ¶ 93.

The personal value of the property to the Stocklys was dependent upon its mature forest and is of little or no value to them in its current condition. SF ¶ 90. As a result of the tree harvesting, the Stocklys no longer use their property for walking, hiking or recreational purposes. SF ¶ 91. They believe that the best use of the cleared property is for passive recreational, environmental or conservation purposes. SF ¶ 92.

## DISCUSSION

Doil's liability with respect to Count II (14 M.R.S.A. § 7552-A) has already been established by summary judgment, and McCourt's liability with respect to Counts I (14 M.R.S.A. § 7552-A), III (negligence) and IV (nuisance) has already been established by his default. Accordingly, the court is left to consider the issues of Doil's liability with respect to Counts I, III and IV, and to determine what damages, if any, are to be awarded.

Because a consideration of Doil's liability for negligence will be instructive in analyzing the plaintiffs' Title 14 claim in Count I, the court elects to address the plaintiffs' negligence claim in Count III first.

Negligence (Count III)

This claim requires the Stocklys to show that Doil owed them a duty, that she breached that duty, and that the breach was the proximate cause of their injuries. *See Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951, 954; *Stanton v. Univ. of Maine Sys.*, 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049. "Proximate cause is that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred." *Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778, 780 (citation and quotation omitted). Evidence is sufficient to demonstrate proximate cause where the evidence and any reasonably drawn inference indicate that the defendant's negligence played a substantial part in bringing about the plaintiffs' injury and the injury was either a direct result or a reasonably foreseeable consequence of the negligence. *See Crowe v. Shaw*, 2000 ME 136, ¶ 10, 755 A.2d 509, 512; *see also generally* Simmons, Zillman and Gregory, *Maine Tort Law* § 7.12 at 167-169 (1999).

Doil asserts that she is not liable for negligence or for a violation of 14 M.R.S.A. § 7552 because her conduct was not the proximate cause of the Stockly's harm. *See* Def.'s Br. at 7-8. However, the evidence demonstrates that she was negligent, that her negligence played a substantial part in the cutting on the Stockly Property, and that the harm suffered by the Stockleys was the direct and proximate result, and a reasonably foreseeable consequence, of her acts. *See e.g.* SF ¶¶ 51, 52, 53 (evidencing the defendant's failure to have her property marked in any way before cutting began, or provide the defendant with a verbal or written description of the property boundaries, or ask or require Mr. McCourt to take any particular steps to locate the boundaries of her property); SF ¶¶ 66, 75, 78, 81-83, 91 (evidencing reasonably

6

foreseeable harms resulting from the defendant's failure to take necessary precautions). The nature and location of McCourt's cutting supports the conclusion that Doil's failure to mark her property boundaries proximately resulted in the plaintiffs' injuries. McCourt did not cut over the boundary of Lot 15 that had been previously flagged by the Stocklys. SF ¶ 72. The fact that he observed that boundary and then harvested trees to the stone wall located at the western edge of the Stockly Property, SF ¶ 68, is a strong indication that he believed that wall represented the western edge of the Doil Property. Indeed, Doil has admitted that before cutting, McCourt walked the property and observed old stone walls to determine the location of at least one of her property lines. SF ¶ 60.

Accordingly, Doil's failure to have her boundaries marked was a contributory cause of the wrongful cutting and the court finds Doil liable for negligence.

Violation of Title 14 M.R.S.A. § 7552 (Count I)

Title 14 M.R.S.A. § 7552 prohibits the cutting, destroying, damaging and carrying away of trees from land without the property owner's permission. In the present case, Doil asserts that because she did not personally remove the trees from the Stockly Property, she is not liable under section 7552. *See* Def.'s Br. at 4. In contrast, the plaintiffs argue that Doil is liable for the actions of her independent contractor. *See* Pls.' Br. at 5.

The *Restatement (Second) of Torts* sets forth several grounds on which an employer may be held liable for the actions of her independent contractor. See e.g., *Restatement (Second) of Torts*, §§ 411, 413, 416, 427 (1965). Although the Law Court has expressly adopted section 411 of the *Restatement* as setting

7

forth a valid claim for negligent selection of a contractor, it has not had occasion to decide whether and under what circumstances it would adopt the other grounds, and section 413 in particular.[2] *See Dexter v. Town of Norway,* 1998 ME 195, ¶ 10, 715 A.2d 169, 171-72 & n.4; *see also* Simmons, Zillman and Gregory, *Maine Tort Law* § 16.03 at 532.

This court has previously determined in its earlier summary judgment order that the rationale of section 413 seems applicable to the particular circumstances of the undisputed facts in this case. *See* June 18, 2003 Order on Mot. for Summ. J. at 8. The selective cutting of timber on a large parcel of undeveloped and forested land abutting similarly forested and undeveloped

---

[2] The *Restatement* provides in relevant part:

§ 411. Negligence in Selection of Contractor An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons.

. . . .

§ 413. Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

(a) fails to provide in the contract that the contractor shall take such precautions, or

(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

*Restatement (Second) of Torts,* §§ 411, 413. In these sections, "physical harm" includes "the physical impairment" of land. *Id.,* § 7.

8

land, SF ¶¶ 13-14, created a "peculiar unreasonable risk" of physical harm to the Stockly's property, *viz*: the risk of mistakingly harvesting trees on their land.

Here, the risk was notably grand. Prior to the cutting, the Stockly and Doil Properties were strikingly similar and there were no indicators of the common boundary between them. The risk of cutting on the Stockly Property was heightened by Doil's failure to have her either her property or the common property line surveyed or marked in any way. SF ¶ 51. Moreover, other than the tax map, Doil did not give McCourt a copy of her deed or any other information regarding the description of her property. SF ¶ 52.

Doil asserts that section 413 requires the court to make its determination of her liability in light of her lack of knowledge and experience in the field. *See Restatement (Second) Torts*, § 413, cmt.f.[3] The parties agree that before meeting with McCourt, Doil had no experience with timber harvesting or surveying. However, at the time that she contracted with McCourt, Doil was aware of the particular unreasonable risk presented by the work she was hiring him to do, and she was *specifically concerned about* the risks of cutting trees on adjacent parcels. Yet, instead of taking steps to reduce that risk, she sought only to protect herself by contractually requiring McCourt to indemnify her in the event of a trespass. SF ¶¶ 34-36, 49-50. Accordingly, the court is

---

[3] Comment f to §413 explains that

> the extent of the employer's knowledge and experience in the field of work to be done is to be taken into account; and an inexperienced widow employing a contractor to build a house is not to be expected . . . to require special precautions, as is the real estate development company employing a contractor to build the same house.

*Restatement (Second) of Torts*, § 413, cmt.f.

not persuaded by her argument that her inexperience with timber harvesting exempted her from the need to take precautions to protect the Stockly Property.[4]

Doil also argues that her liability under section 7552-A shields her from liability under section 7552. However, a landowner may be liable under section 7552-A for failing to mark property lines, and under section 7552 for the resulting trespass committed by their contractor. *See Fraser v. Barton*, 628 A.2d 146 (Me. 1993) (holding defendant landowners liable under both statutes).

Based on the foregoing analysis, the court finds Doil liable for a negligent violation of 14 M.R.S.A § 7552.[5] *Compare Mudgett v. Marshall*, 574 A.2d 867, 870 (Me. 1990) (holding that the arithmetical calculations conducted by an architect did not constitute peculiar danger because there was no danger to anyone when the architect made his calculations).

Nuisance (Count IV)

The plaintiffs' nuisance claim requires a showing that

(1) the defendant <u>acted with the intent</u> of interfering with the use and enjoyment of the land by those entitled to that use; (2) there was some interference with the use and enjoyment of the land <u>intended</u>, although the amount and the extent of that interference may not have been anticipated or intended; (3) the interference that resulted and the physical harm, if any, from that interference proved to be substantial (the substantial interference requirement is to satisfy the need for a showing that the land is reduced in value because of the defendant's conduct); and (4) the interference that came about under such circumstances was of such a nature,

---

[4] *See also Restatement (Second) Torts*, § 413, cmt.b ("This section is concerned with special risks, peculiar to the work to be done, and arising out of the character, or the place where it is to be done, against which a reasonable man would recognize the necessity of taking special precautions").

[5] The court has already determined that there was no knowing or intentional violation of the statute. *See* June 18, 2003 Order on Mot. for Summ. J. at 4-6.

duration, or amount as to constitute unreasonable interference with the use and enjoyment of the land.

*Charlton v. Town of Oxford*, 2001 ME 104, ¶ 36, 774 A.2d 366, 377 (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 87 at 622-23 (5ᵗʰ ed. 1984) (emphasis added). In addition, a landowner is liable for nuisance created by a third party on his land if "(1) the possessor knows or has reason to know that the activity is being carried on and that it is causing or will involve an unreasonable risk of causing the nuisance, *and* (2) the possessor consents to the activity or fails to exercise reasonable care to prevent the nuisance. *See Eaton v. Cormier*, 2000 ME ¶ 7, 748 A.2d 1006, 1008 (citations omitted).

In this case, to find Doil liable for nuisance, the court must first find McCourt "acted with the intent of interfering with" the Stockly's use and enjoyment of their land. The stipulated facts clearly establish that the cutting has interfered with the plaintiffs' use and enjoyment of their land. SF ¶¶ 90-91. However, there are no facts evidencing that McCourt acted intentionally. *See Charlton*, 2001 ME 104, ¶ 36, 774 A.2d at 377. Accordingly, under the circumstances of this case, Doil is not liable for the alleged nuisance.

Damages

In Count I, the plaintiffs seek recovery of forfeiture amounts, restoration costs and attorney's fees and other professional services fees against both defendants pursuant to 14 M.R.S.A. § 7552. In Count II, they seek restoration costs against Doil pursuant to 14 M.R.S.A. § 7552-A. In the alternative, they seek restoration costs against both defendants based on their negligence claim in Count III, and against McCourt based on their nuisance claim in Count IV.

In this part of the analysis, the court begins with a determination of damages with respect to Count II.

11

(a) Count II – Violation of 14 M.R.S.A. § 7552-A

Section 7552-A, which allows for the recovery of double damages,[6] does not specify how damages are to be measured. However, the Law Court has recognized that either the diminution in the value of the plaintiffs' land or the value of the trees as personalty detached from the realty – stumpage value – are appropriate measures of damages under section 7552-A. *See Leavitt v. Cont'l Tel. Co. of Maine*, 559 A.2d 786 (Me. 1989). The Law Court has also explicitly approved of the formulation set forth in the *Restatement (Second) of Torts*, § 929. *See Leavitt*, 559 A.2d at 788. Where a plaintiff is entitled to judgment for harm resulting from a past invasion that does not amount to a total destruction of value, the recoverable damages include compensation for "the difference between the value of the land before the harm and the value after the harm, or at [the plaintiff's] election in an appropriate case, the cost of restoration that has been or may be reasonably incurred." *Restatement (Second) of Torts*, § 929. The *Restatement* defines "value" as an "exchange value or the value to the owner if this is greater than the exchange value." *Id.*, § 911. Further, the Law Court has determined that compensatory damages include

---

[6] Section 7552-A provides:

> Any person who authorizes the cutting of timber or wood on the person's own property, when the cutting involves an area of 10 or more acres, shall clearly mark any property lines that are within 200 feet of the area to be cut. If any such person fails to clearly mark such property lines and if the person or persons who are authorized to cut then cut timber or wood on abutting land without the authorization of the owner of that land, the person who failed to mark the person's property lines is liable in a civil action, in double damages, to that owner of the abutting land. These damages are in addition to any damages to which the owner of the abutting land may be entitled under section 7552.

14 M.R.S. § 7552-A (2003).

"reasonable value to the owner, but not sentimental value." *Leavitt,* 559 A.2d at 788 (citing *Restatement (Second) of Torts,* § 911, cmt.e).

The plaintiffs assert that restoration costs are appropriate where, as here, the destroyed property has personal value to them that is not reflected in its exchange value or the value placed on it by the market. In contrast, Doil asserts that the plaintiffs should be limited to recovering either the diminution in the value of their land or the stumpage value of the trees.

The parties agree that the cost to restore the Stockly Property as near as practicable to its pre-casualty condition is approximately $370,000. SF ¶ 83. Given that section 7552-A allows for double damages, the plaintiffs seek an award of $740,000. They also agree that the removal of trees from the Stockly Property had no significant impact on its fair market value.

The court concludes that an award of damages based upon restoration costs would not be appropriate in this case. Where the cost of restoration "is disproportionate to the diminution in the value of the land caused by the trespass, unless there is a reason personal to the owner for restoring the original condition, damages are measured only by the difference between the value of the land before and after the harm." *Restatement (Second) of Torts,* § 929, cmt.b.[7] Under the circumstances of this case, the restoration costs requested by the plaintiffs are unreasonable and disproportionate to any diminution in the value of the property. In addition, although there are

_____

[7] *See also North East Ins. Group v. Arbo,* CV-97-434, (Me. Super. Cum. Cty. Aug. 19, 1998) (Caulkins, J.) (explicitly following *Leavitt* and the *Restatement* and measuring damages by the cost of rebuilding a home that had been unintentionally leveled by a bulldozer). However, it is noteworthy that the *Arbo* decision was premised on the fact that the damages for restoration were reasonable. *See id.* (expressly acknowledging that while the damages for restoration in that case were high in comparison to the diminished value, they were not so high as to be unreasonable).

reasons personal to the Stocklys for restoring their property to its original condition, which are related to their use and enjoyment of the property, those reasons do not support an award of the full amount of restoration costs in this case.

Based upon all of the foregoing, the court finds that in this case the proper measure of damages for which Doil is liable under § 7552-A is double the stumpage value of the lost trees, or $28,254.60.

(b)    Count I – Violation of 14 M.R.S.A. § 7552 (Count I)

Pursuant to section 7552, the plaintiffs seek forfeiture amounts[8] based on the number and size of the trees removed, the costs to regenerate the stand[9], and their legal and other professional costs, including surveyor and arborist costs. *See* 14 M.R.S. §§ 7552(3)(B) & (5). They also seek an award for double damages. *See* 14 M.R.S. § 7552(4)(A). The parties agree that the forfeiture value of the lost trees is $59,525.00. They also agree that the cost to restore the Stockly Property as near as practicable to its pre-casualty condition is approximately $370,000. SF ¶ 83. Although an award for the forfeiture amount is appropriate in this case, an award for the costs of regeneration cannot be made because the court cannot conclude that the restoration amounts agreed to by the parties are regeneration costs within the meaning of

_____

[8] Forfeiture amounts are based upon the diameter of each tree and determined according to 17 M.R.S. § 2510(2).

[9] Section 7552(3)(B) provides:

> For lost trees, the owner may claim in lieu of market value the forfeiture amounts determined in Title 17, section 2510, subsections 2 and 3. In addition, the owner's damages may include the costs for regeneration of the stand in accordance with Title 12, section 8869.

14 M.R.S. § 7552(3)(B).

14

section 7552(3)(B), as determined by 12 M.R.S. § 8869 (2003). There is no evidence that the proposed restoration work meets or is consistent with the rules and standards for regeneration promulgated by the Commissioner of Inland Fisheries and Wildlife. *Id.* Under the circumstances, the court concludes that imposition of double the forfeiture amount, or $119,050.00, would be appropriate. 14 M.R.S. §§ 7552(3)(B) & (4)(A).

The defendant Doil asks the court to exercise its discretion under section 7552(3)(B) and reduce her liability for damages on this claim. *See* 14 M.R.S.A. § 7552(3)(B) (authorizing the court to reduce damages awarded for good cause shown when the cutting of trees was done negligently or without fault). The court finds good cause to reduce her liability. Doil's negligence was the product of her inexperience and ignorance of the circumstances. Although she was concerned that McCourt not intrude upon her neighbor's property, her reliance upon his expertise and the fact that he was recommended to her by someone in the timber-harvesting business is a significant mitigating factor. In addition, Doil is already liable for twice the actual value of the timber under section 7552-A, and a further award of double forfeiture damages pursuant to section 7552 would bring her total liability to over $147,304.00, more than four times the value at which the Town of Falmouth has assessed the property.

Based upon the foregoing, the court determines that, as to Count I, the defendant McCourt is liable to the plaintiffs for $119,050.00, being double the forfeiture damages and that, of this amount, the defendant Doil is jointly and severally liable for $35,750. Both defendants are also liable, jointly and severally, for the reasonable costs of professional services, including attorney's fees, incurred by the plaintiffs in connection with this claim. Finally, the court

15

also finds that any recovery under the plaintiffs' negligence and nuisance claims in Counts III and IV are subsumed in the foregoing award of damages.

## DECISION

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference, and the entry is

A. As to Counts I, III and IV, Judgment for Plaintiffs and against Defendant McCourt Logging Company in the amount of $88,300.00, together with prejudgment interest at the rate of 2.70%, and post-judgment interest at the rate of 7.28%;

B. As to Counts I and III, Judgment for Plaintiffs and against Defendants McCourt Logging Company and Anne M. Doil, jointly and severally, in the amount of $35,750.00, together with prejudgment interest at the rate of 2.70%, and post-judgment interest at the rate of 7.28%;

C. As to Count I, Defendants McCourt Logging Company and Anne M. Doil are jointly and severally liable for Plaintiffs' reasonable costs of professional services, including attorney's fees, as follows:

   (i) Plaintiffs shall have until May 21, 2004, to file and exchange appropriate affidavits regarding their costs of professional services;

   (ii) Defendants shall have until June 11, 2004, to file and exchange an objection to the reasonableness of such costs;

   (iii) Thereafter, the court shall determine the amount of such costs and, unless otherwise ordered, such determination shall be made without further notice or hearing.

D. As to Count II, Judgment for Plaintiffs and against Defendant Anne M. Doil in the amount of $28,254.60, together with prejudgment interest at the rate of 2.70%, and post-judgment interest at the rate of 7.28%, costs, fees and interest;

E. Plaintiffs are awarded their costs of this action.

Dated: April 30, 2004

_____
Justice, Superior Court

16

A HOLMES STOCKLY - PLAINTIFF

Attorney for: A HOLMES STOCKLY
HOPE CREAL
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: A HOLMES STOCKLY
JULIET BROWNE
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

DORIS STOCKLY - PLAINTIFF

Attorney for: DORIS STOCKLY
HOPE CREAL
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: DORIS STOCKLY
JULIET BROWNE
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00453


**DOCKET RECORD**

vs
AYNNE M. DOIL  - DEFENDANT

Attorney for: AYNNE M. DOIL
JAMES HADDOW
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555

MCCOURT LOGGING COMPANY - DEFENDANT

Filing Document: COMPLAINT
Filing Date: 09/06/2002

Minor Case Type: OTHER STATUTORY ACTIONS

## Docket Events:

09/09/2002 FILING DOCUMENT - COMPLAINT FILED ON 09/06/2002
           WITH EXHIBIT A

09/09/2002 Party(s):  A HOLMES STOCKLY
           ATTORNEY - RETAINED ENTERED ON 09/06/2002
           Plaintiff's Attorney: HOPE CREAL

Party(s): DORIS STOCKLY
ATTORNEY - RETAINED ENTERED ON 09/06/2002
Plaintiff's Attorney: HOPE CREAL

09/09/2002 Party(s): A HOLMES STOCKLY
ATTORNEY - RETAINED ENTERED ON 09/06/2002
Plaintiff's Attorney: JULIET BROWNE

Party(s): DORIS STOCKLY
ATTORNEY - RETAINED ENTERED ON 09/06/2002
Plaintiff's Attorney: JULIET BROWNE

09/17/2002 Party(s): AYNNE M. DOIL
SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 09/17/2002

09/17/2002 Party(s): AYNNE M. DOIL
SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 09/12/2002
UPON DEFENDANT MATTHEW MCCOURT TO JAMES B. HADDOW ESQ. WITH ATTACHMENT

10/04/2002 Party(s): AYNNE M. DOIL
RESPONSIVE PLEADING - ANSWER AND CROSSCLAIM FILED ON 10/04/2002
OF AYNNE M. DOIL WITH SUMMARY SHEET

10/04/2002 Party(s): AYNNE M. DOIL
MOTION - MOTION SUMMARY JUDGMENT FILED ON 10/04/2002
OF DEFENDANT, DOIL, WITH INCORPORATED MEMORANDUM OF LAW AND STATEMENT OF MATERIAL FACTS

10/04/2002 Party(s): AYNNE M. DOIL
OTHER FILING - AFFIDAVIT FILED ON 10/04/2002
OF AYNNE M. DOIL WITH ATTACHMENT

10/04/2002 Party(s): AYNNE M. DOIL
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/04/2002
NOTICES OF DEPOSITIONS OF DORIS STOCKLY AND A. HOLMES STOCKLY SERVED ON HOPE CRAL JACOBSEN
ESQ. ON 10-3-02.

10/04/2002 Party(s): AYNNE M. DOIL
ATTORNEY - RETAINED ENTERED ON 10/04/2002
Defendant's Attorney: JAMES HADDOW

10/04/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/04/2002
THOMAS E HUMPHREY , JUSTICE

10/21/2002 ORDER - SCHEDULING ORDER ENTERED ON 10/21/2002
THOMAS E HUMPHREY , JUSTICE
DISCOVERY DEADLINE IS JUNE 21, 2003. (PARTIES TO SELECT ADR PROCESS AND NEUTRAL) ON 10-21-
02 COPIES MAILED TO HOPE JACOBSEN, ESQ. AND JAMES HADDOW, ESQ.

10/24/2002 Party(s): A HOLMES STOCKLY,DORIS STOCKLY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/23/2002
PLAINTIFFS' OPPOSITION TO DEFENDANT, DOIL'S, MOTION FOR SUMMARY JUDGMENT PURSUANT TO
M.R.CIV.P. 56(F) WITH INCORPORATED MEMORANDUM OF LAW

10/24/2002 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
OTHER FILING - AFFIDAVIT FILED ON 10/23/2002
OF HOPE CRAL JACOBSEN ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT, DOIL'S,
MOTION FOR SUMMARY JUDGMENT PURSUANT TO M.R.CIV.P. 56 (F)

10/31/2002 Party(s): AYNNE M. DOIL
OTHER FILING - REPLY MEMORANDUM FILED ON 10/30/2002
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

11/07/2002 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/07/2002
AMENDED NOTICE TO TAKE ORAL DEPOSITION OF DEEFNDANT MATTHEW MCCOURT PURSUANT TO M.R.CIV.P.
30 SERVED ON JAMES B. HADDOW, ESQ. AND MATTHEW MCCOURT ON 11-6-02.

11/12/2002 Party(s): AYNNE M. DOIL, MCCOURT LOGGING COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/08/2002
AMENDED NOTICES OF DEPOSITIONS OF DORIS AND A. HOLMES STOCKLY, SERVED ON HOPE CREAL
JACOBSON, ESQ. ON 11-7-02

12/04/2002 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
LETTER - FROM PARTY FILED ON 12/03/2002
STATING THAT ANN DOIL IS THE SAME PERSON AS AYNNE M. DOIL

12/20/2002 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 12/20/2002

12/31/2002 ORDER - COURT ORDER ENTERED ON 12/30/2002
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO M.R.CIV.P. 79(A), THE CLERK ISDIRECTED TOENTER THIS ORDER ON THE CIVIL DOCKET
BY A NOTATION INCORPORATING IT BY REFERENCE AND THE ENTRY IS PLAINTIFFS' SHALL HAVE UNTIL
JANUARY 13, 2003, TO FILE AN OPPOSITION TO THE MOTION, INCLUDING ANY OPPOSITON OR
ADDITIONAL STATEMENTS OF MATERIAL FACTS, AND DEFENDANT DOIL MAY FILE A REPLY WITHIN 10
DAYS OF THE FILING OF AN OPPOSITION BY PLAINTIFFS; AND THIS ORDER SHALL NOT ALTER OR
AFFECT THE CONSEQUENCES, IF ANY, TO DEFENDANT, MCCOURT LOGGING BASED UPON ITS LACK OF A
TIMELY RESPONSE TO THE COMPLAINT OR TO DEFENDANT DOIL'S MOTION FOR SUMMARY JUDGMENT. ON
12-31-02 COPIES MAILED TO JULIET T. BROWNE, HOPE C. JACOBSEN, JAMES HADDOW, ESQS.

01/15/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/09/2003
PLAINTIFFS, HOLMES AND DORIS STOCKLY

01/15/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/14/2003
THOMAS E HUMPHREY , JUSTICE
FOR GOOD CAUSE APPEARING, THE DEADLINE FOR PLAINTIFFS TO FILE AN OPPOSITION TO DEFENDANT
AYNNE DOIL'S MOTION FOR SUMMARY JUDGMENT IS ENLARGED FROM JANUARY 13, 2003, THROUGH AND
INCLUDING JANUARY 17, 2003.

01/15/2003 ORDER - COURT ORDER ENTERED ON 01/14/2003
THOMAS E HUMPHREY , JUSTICE
FOR GOOD CAUSE APPEARING, THE DEADLINE FOR PLAINTIFF TO FILE AN OPPOSITION TO DEFENDANT
AYNNE DOIL'S MOTION FOR SUMMARY JUDGMENT IS ENLARGED FROM JANUARY 13, 2003, THROUGH AND
INCLUDING JANUARY 17, 2003. ON 01-15-03 COPIES MAILED TO JULIET BROWNE, HOPE JACOBSEN AND

JAMES HADDOW, ESQS.

01/21/2003 Party(s):  A HOLMES STOCKLY, DORIS STOCKLY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/17/2003
PLAINTIFFS' OPPOSITION TO DEFENDANT DOIL'S MOTION FOR SUMMARY JUDGMENT.

01/21/2003 Party(s):  A HOLMES STOCKLY, DORIS STOCKLY
OTHER FILING - AFFIDAVIT FILED ON 01/17/2003
OF A. HOLMES STOCKLY.

01/23/2003 Party(s):  A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/22/2003
DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY MEMORANDUM.

01/23/2003 ORDER - COURT ORDER ENTERED ON 01/23/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HEREBY ORDERED THAT DEFENDANT DOIL'S TIME FOR FILING A REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT DOIL'S MOTION FOR SUMMARY JUDGMENT IS EXTENDED THROUGH JANUARY 31,
2003, AND DEFENDANT DOIL'S REPLY FILED ON THAT DATE IS DEEMED TIMELY. ON 01-23-03 COPIES
MAILED TO JAMES HADDOW AND JULIET BROWNE, ESQS.

01/23/2003 Party(s):  A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/23/2003
THOMAS E HUMPHREY , JUSTICE
COPIES TO PARTIES/COUNSEL

01/30/2003 Party(s):  MCCOURT LOGGING COMPANY
MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 01/28/2003
AGAINST MCCOURT LOGGING COMPANY

01/30/2003 ORDER - DEFAULT ENTERED ON 01/30/2003
AGAINST MCCOURT LOGGING COMPANY.   COPIES MAILED TO HOPE CREAL JACOBSEN ESQ& MCCOURT
LOGGING COMPANY @ 282 MACOMBER HILL ROAD JAY,ME.   04239

02/07/2003 Party(s):  AYNNE M. DOIL
MOTION - OTHER MOTION FILED ON 02/05/2003
DEFENDANT'S MOTION FOR LEAVE TO FILE COMBINED REPLY MEMORANDUM AND OPPOSITOIN TO
PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT.

02/10/2003 Party(s):  AYNNE M. DOIL
OTHER FILING - REPLY MEMORANDUM FILED ON 02/07/2003
DEFENDANT, AYNNE M. DOIL'S REPLY/OPPOSING STATEMETN OF MATERIAL FACTS WITH ATTACHMENTS.

02/10/2003 Party(s):  AYNNE M. DOIL
OTHER FILING - REPLY MEMORANDUM FILED ON 02/07/2003
DEFENDANT'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT.

02/10/2003 Party(s):  AYNNE M. DOIL
NOTE - OTHER CASE NOTE ENTERED ON 02/07/2003
ORIGINAL DEPOSITION OF DORIS S STOCKLY.

02/10/2003 Party(s):  AYNNE M. DOIL

NOTE - OTHER CASE NOTE ENTERED ON 02/07/2003
DEPOSITION OF A. HOLMES STOCKLY.

02/11/2003 ORDER - COURT ORDER ENTERED ON 02/10/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HEREBY ORDERED THAT DEFENDANT, DOIL MAY FILED A COMBINED REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT DOIL'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLIANTIFFS'
CROSS MOTION FOR SUMMARY JUDGMENT ON OR BEFORE FEBRUARY 7, 2003.ON 02-11-03 COPIES MAILED
TO JAMES HADDOW, ESQ. AND JULIET BROWN, ESQ.

02/12/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/11/2003
PLAINTIFFS' MOTION FOR ENLARGMENT OF TIME TO FILE REPLY MEMORANDUM.

02/13/2003 ORDER - COURT ORDER ENTERED ON 02/13/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HERERBY ORDERED THAT PLAINTIFFS' TIME FOR FILING A REPLY MEMORANDUM TO DEFENDANT'S
OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT IS EXTENDED THROUGH AND
INCLUDING FEBRUARY 21, 2003. ON 02-13-03 COPIE MAILED TO JAMES HADDOW, ESQ., JULIET BROWNE
AND HOPE CREAL, ESQS.

02/13/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/13/2003
THOMAS E HUMPHREY , JUSTICE
COPIES TO PARTIES/COUNSEL

02/19/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/18/2003
PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY MEMORANDUM.

02/20/2003 ORDER - COURT ORDER ENTERED ON 02/20/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HEREBY ORDERED THAT PLAINTIFFS' TIME FOR FILING A REPLY BRIEF IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT IS ENLARGED THROUGH AND INCLUDING FEBRUARY 28, 2003. ON
02-20-03 COPIES MAILED TO JAMES HADDOW, HOPE CREAL AND JULIET BROWNE, ESQS.

02/20/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/20/2003
THOMAS E HUMPHREY , JUSTICE
COPIES TO PARTIES/COUNSEL

02/26/2003 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 02/24/2003
THOMAS E HUMPHREY , JUSTICE
CASE IS UNRESOLVED. ORDER ENTERED. ON 02-26-03 COPIES MAILED TO  HOPE CREALJULIET BROWNE
AND JAMES HADDOW, ESQS.

02/28/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/28/2003
THOMAS E HUMPHREY , JUSTICE
PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY MEMORANDUM.

03/17/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
OTHER FILING - REPLY MEMORANDUM FILED ON 03/14/2003

Printed on: 05/03/2004

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT.

03/17/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
OTHER FILING - REPLY MEMORANDUM FILED ON 03/14/2003
PLAINTIFF'S REPLY STATEMENT OF MATERIAL FACTS

03/17/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/14/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HEREBY ORDERED THAT PLAINTIFFS' TIME FOR FILING A REPLY BRIEF IN SUPPORT OF THEIR
CROSS-MOTION FOR SUMMARY JUDGMENT IS ENLARGED THROUGH AND INCLUDING MARCH 14, 2003. ON 03-
17-03 COPIES MAILED TO JAMES HADDOW, HOPE CREALAND JULIET BROWNE, ESQS.

03/26/2003 Party(s): AYNNE M. DOIL
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/24/2003
DEFENDANT, AYNNE M. DOIL'S EXPERT DESIGNATION LETTER WAS SERVED ON JULIET TBROWNE, ESQ.,
COUNSEL FOR THE PLAINTIFFS ON MARCH 21, 2003.

03/31/2003 Party(s): AYNNE M. DOIL
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 03/28/2003
BY LETTER FROM PLAINTIFF AYNNE M. DOIL. $300.00 FEE PAID.

05/09/2003 HEARING - MOTION SUMMARY JUDGMENT HELD ON 05/08/2003
THOMAS E HUMPHREY , JUSTICE
ON DEFENDANT, AYNNE DOIL'S MOT FOR SJ AND PLS' CROSS-MOT FOR SJ. COURT TAKES MATTER UNDER
ADVISEMENT. NO RECORD MADE.

05/20/2003 Party(s): AYNNE M. DOIL
MOTION - OTHER MOTION GRANTED ON 02/11/2003
THOMAS E HUMPHREY , JUSTICE
DEFENDANT'S MOTION FOR LEAVE TO FILE COMBINED REPLY MEMORANDUM AND OPPOSITOIN TO
PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT.

05/20/2003 Party(s): AYNNE M. DOIL
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 05/08/2003
THOMAS E HUMPHREY , JUSTICE

05/22/2003 Party(s): AYNNE M. DOIL, MCCOURT LOGGING COMPANY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/21/2003
PLAINTIFFS FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT AYNNE DOIL SERVED ON JAMES HADDOW ON 5-21-03.

06/18/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION SUMMARY JUDGMENT FILED ON 01/17/2003
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT WIHT INCORPORATED MEMORANDUM OF LAW.

06/18/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 06/17/2003
THOMAS E HUMPHREY , JUSTICE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS GRANTED AS TO COUNT II OF THE COMPLAINT ON THE
ISSUE OF LIABILITY, BUT THE MOTION IS DENIED IN ALL OTHER RESPECTS.

06/18/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY

Printed on: 05/03/2004

MOTION - MOTION SUMMARY JUDGMENT DENIED ON 06/18/2003
THOMAS E HUMPHREY , JUSTICE
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS GRANTED AS TO COUNT II OF THE COMPLIANT ON THE
ISSUE OF LIABILITY, BUT THE MOTION IS DENIED IN ALL OTHER RESPECTS:

06/18/2003 Party(s):  AYNNE M. DOIL
MOTION - MOTION SUMMARY JUDGMENT DENIED ON 06/17/2003
THOMAS E HUMPHREY , JUSTICE
DEFENDANT DOIL'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

07/07/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/07/2003
PLAINTIFF'S

07/07/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
LETTER - FROM PARTY FILED ON 07/07/2003
LETTER FROM JULIET T. BROWNE ESQ. STATING THAT HE HAS CONFERRED WITH COUNSEL FOR
DEFENDANT, AYNNE DOIL, AND BELIEVES THAT THE NUMBER OF DAYS REQUIRED FOR TRIAL IS
APPROXIMATELY TWO.

07/17/2003 Party(s):  AYNNE M. DOIL
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/17/2003
DEFENDANT, AYNNE M.DOIL'S ANSWERS TO INTERROGATORIES WAS SERVED JULIET T. BROWNE, ESQ.
COUNSEL FOR PLAINTIFF ON JULY 7, 2003; AND AYNNE M. DOIL'S RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS WAS SERVED JULIET T. BROWNE, ESQ., COUNSEL FOR PLAINTIFF ON JULY
7, 2003.

08/14/2003 ORDER - CONFERENCE REPORT & ORDER ENTERED ON 08/11/2003
THOMAS E HUMPHREY , JUSTICE
TRIAL MANAGEMENT CONFERENCE (RULE 16(B): PURSUANT TO RULE 79(A), M.R.CIV.P. THE CLERK IS
DIRECTED TO MAKE THE FOLLOWING ENTRY IN THE CIVIL DOCKET: CASE SET FOR TRIAL ON SEPTEMBER
- OCTOBER 2003 TRIAL LIST. CASE ORDERED PLACED ON THE JURY TRIAL LIST. THIS ORDER IS
INCORPORATED INTO THE DOCKET BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. ON 08-
11-03 COPIES GIVEN IN HAND TO JAMES HADDOW, ESQ. AND JULIET BROWNE, ESQ.

09/02/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY
MOTION - MOTION IN LIMINE FILED ON 08/29/2003
LILLY  LAVOIE-SIROIS , ASSOCIATE CLERK
PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATING TO STUMPAGE VALUE AND
DIMINUTION IN MARKET VALUE OF THE PROPERTY WITH INCORPORATED MEMORANDUM OF LAW WITH
EXHIBIT'S A THRU C.

09/03/2003 Party(s):  AYNNE M. DOIL
MOTION - MOTION IN LIMINE FILED ON 08/29/2003
DEFENDANT, AYNNE M. DOIL MOTION IN LIMINE AS TO THE ADMISSIBILITY OF EVIDENCE ON THE ONLY
REMAINING ISSUE IN COUNT II OF THE COMPLAINT DAMAGES.

09/11/2003 HEARING - SETTLEMENT CONFERENCE HELD ON 09/10/2003
ROBERT E CROWLEY , JUSTICE
ON SEPTEMBER 10, 2003. CASE NOT SETTLED. JUSTICE CROWLEY MEET WITH JULIET BROWN AND JAMES
HADDOW, ESQS.

10/14/2003 Party(s):  A HOLMES STOCKLY,DORIS STOCKLY

LETTER - FROM PARTY FILED ON 10/14/2003
LETTER FROM JULIET T. BROWNE ESQ. REGARDING TRIAL IN THIS MATTER. JIM HADDOW, COUNSEL FOR MS. DOIL, AND I PROPOSE SUBMITTING THE CASE TO THE COURT BASED ON STIPULATED FACTS AND LEGAL BRIEFING. HAVE AGREED TO STIPULATED FACTSAND PROPOSE SIMULTANEOUS FILING OF BRIEFS WITH THECOURT BY OCTOBER 31, 2003, AND FILING OF REPLY BRIEFS BY NOVEMBER 14, 2003.

10/30/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
LETTER - FROM PARTY FILED ON 10/29/2003
LETTER FROM HOPE CREAL JACOBSEN ESQ., STATING THAT BOTH PARTIES HAVE AGREEDTO EXTEND THE TIME IN WHICH TO FILE BRIEFS IN THIS MATTER TO NOVEMBER 7, 2003. (LLS)

11/07/2003 Party(s): AYNNE M. DOIL
LETTER - FROM PARTY FILED ON 11/07/2003
FROM JAMES HADDOW, ESQ. STATING THIS LETTER WILL SERVE TO CONFIRM THAT THE PARTIES HAVE AGREED THAT THEY WILL REQUIRE ADDITIONAL TIME TO COMPLETE AND FILE THEIR STIPULATED FACTS AND INITIAL BRIEFS.

11/14/2003 Party(s): AYNNE M. DOIL
OTHER FILING - TRIAL BRIEF FILED ON 11/14/2003
OF AYNNE M. DOIL (GA)

11/17/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
OTHER FILING - TRIAL BRIEF FILED ON 11/14/2003
PLAINTIFF'S WITH EXHIBIT'S A & B. (LLS)

11/17/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
OTHER FILING - STIPULATION FILED ON 11/14/2003
PLAINTIFF'S STIPULATED FACTS' WITH EXHIBITS A THRU E. (LLS)

11/24/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
RESPONSIVE PLEADING - RESPONSE FILED ON 11/21/2003
PLAINTIFF'S RESPONSE TO DEFENDANT DOIL'S TRIAL BRIEF WITH EXHIBIT A. (LLS)

12/02/2003 Party(s): A HOLMES STOCKLY, DORIS STOCKLY
RESPONSIVE PLEADING - RESPONSE FILED ON 12/01/2003
DEFENDANT'S RESPONSE TO PLAINTIFFS' TRIAL BRIEF. (AD).

04/30/2004 FINDING - JUDGMENT DETERMINATION ENTERED ON 04/30/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE, AND THE ENTRY IS A. AS TO COUNTS I, III AND IV, JUDGMENT FOR PLAINTIFFS AND AGAINST DEFENDANT MCCOURT LOGGING COMPANY IN THE AMOUNT OF $88,300.00, TOGETHER WITH PREJUDGMENT INTEREST AT THE RATE OF 2.70%, AND POST-JUDGMENT INTEREST AT TH ERATE OF 7.28%; B. AS TO COUNTS I AND III, JUDGMENT FOR PLAINTIFFS AND AGAINST DEFENDANTS, MCOURT LOGGING COMPANY

ORDER - COURT JUDGMENT ENTERED ON 04/30/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE, AND THE ENTRY IS A. AS TO COUNTS I, III AND IV, JUDGMENT FOR PLAINTIFFS AND AGAINST DEFENDANT MCCOURT LOGGING COMPANY IN THE AMOUNT OF $88,300.00, TOGETHER WITH PREJUDGMENT INTEREST AT THE RATE OF 2.70%, AND POST-JUDGMENT INTEREST AT TH ERATE OF 7.28%; B. AS TO COUNTS I AND III,

JUDGMENT FOR PLAINTIFFS AND AGAINST DEFENDANTS, MCOURT LOGGING COMPANY AND ANNE M. BOIL, JOINTLYU KAND SEVERALLY, IN THE AMOUNT OF $35,750.00, TOGETHER WITH PREJUDGMENT INTEREST AT THE RATE OF 2.70%, AND POST-JUDGMENT INTEREST AT TH ERATE OF 7.28%; C. AS TO COUNT I, DEFENDANTS MCCOURT LOGGING COMPANY AND ANNE M. DOIL ARE JOINTLY AND SEVERALLY LIABLE FOR PLAINTIFFS' REASONABLE COSTS OF PROFESSIONAL SERVICES, INCLUDING ATTORNEY'S FEES, AS FOLLOWS: (I) PLAINTIFFS SHALL HAVE UNTIL MAY 21, 2004, TO FILE AND EXCHANGE APPROPRIATE AFFIDAVITS REGARDING THEIR COSTS OF PROFESSIONAL SERV ICES; (II) DEFENDANTS SHALL HAVE UNTIL JUNE 11, 2004, TO FILE AND EXCHANGE AN OBJECTION TO THE REASONABLENESS OF SUCH COSTS; (III) THEREAFTER, THE COURT SHALL DETERMINE THE AMONT OF SUCH COSTS AND, UNLESS OTHERWISE ORDREED, SUCH DETERMINATION SHALL BE MADE WITHOUT FURTHER NOTICE OR HEARING. D. AS TO COUNT II, JUDGMENT FOR PLAINTIFFS AND AGAINST DEFENDANT ANNE M. DOIL IN THE AMONT OF $28,254.60, TOGETHER WITH PREJUDGMENT INTEREST AT THE RATE OF 2.70%, AND POST-JUDGMENT INTERESST AT THE RATE OF 7.28%, COSTS, FEE AND INTEREST; E. PLAINTIFFS ARE AWARDED THEIR COSTS OF THIS ACTION. ON 05-03 03-04 COPIES MAILED TO HOPE CREAL, ESQ. JULIET BROWNE, ESQ. AND JAMES HADDOW, ESQ, MS. DEBORAH FIRESTONE, THE DONALD GARBRECHT LAW LIBRARY, GOSS MIMEOGRAPH AND LOISLAW.COM, INC. AD

A TRUE COPY
ATTEST: _Sally A Bourget_
Clerk

Printed on: 05/03/2004